IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: _____ - Civ

AIDA RIOS

    Plaintiff,
vs.

MSC CRUISES SA,
a Swiss Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, AIDA RIOS, hereinafter "RIOS", by and through the undersigned counsel and sues the Defendant, MSC CRUISES SA, a Swiss Corporation, hereinafter "MSC" and alleges as follows:

1. This Claim is an action involving the diversity of citizenship of the parties as more fully described below and for damages in excess of $75,000.00. Alternatively, this case falls within the admiralty jurisdiction of this Court pursuant to 28 USC 1333.

2. The Plaintiff, AIDA RIOS, is a citizen and resident of Cabo Rojo, Puerto Rico.

3. The Defendant, MSC CRUISES SA, is a Swiss Corporation with its' principle place of business in Florida.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC 1332 and involves complete diversity of citizenship (Plaintiff is a citizen of Puerto Rico and Defendant is a citizen of Switzerland) under 28 USC 1332.

5. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and / or county or had an office or agency in this state and/or county;

1

    b. Was engaged in substantial and not isolated activity within this state;
    c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws:
    d. Committed one or more of the acts stated in Fla.Stat. 48.081,, 48.181, or 48.193;
    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/ or state;
    f. Operated vessels in the waters of this state including out of Fort Lauderdale and Miami; and
    g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard the MSC SEASIDE.

6. This Court has subject matter jurisdiction in this matter and Defendant is subject to personal jurisdiction before this Court.

7. The causes of action asserted int his Complaint arise under the General Maritime Law of the United States.

8. At all times material herein, the Defendant, MSC, owned, operated, manage, maintained and/or otherwise controlled the passenger ship "THE MSC SEASIDE." Accordingly, MSC is a common carrier of passengers by water for hire.

9. At all times material hereto, Defendant had exclusive custody and control of "THE MSC SEASIDE".

10. On or about December 1, 2018 Plaintiff was a fare-paying passenger aboard "THE MSC SEASIDE".

11. On or about December 1, 2018, the Plaintiff, who at time was vacationing with her husband Luis and some friends, decided to check out the music/dance lounge located on deck seven (7) of "THE MSC SEASIDE". The Plaintiff and her companions while inside the dance lounge stood near the dance stage and were enjoying themselves.

12. At a later point the individuals, including the Plaintiff, decided to exit the lounge. As the Plaintiff began to walk, as she was still near the dance stage itself, she suddenly, without warning, and unexpectedly tripped and fell over a staircase that led to the dance stage itself.

13. The area surrounding where the Plaintiff tripped and fell was not properly lit and lacked sufficient warning signs to indicate that there was a staircase there. Due to staircase being for all intents and purposes, "hidden", the Plaintiff fell severely injuring herself.

14. The Plaintiff was taken to the ship's infirmary where she was given pain medicine and was advised she would need to seek additional medical care upon her return home.

15. As a result of her injuries, the Plaintiff was diagnosed with a fractured left shoulder, which was displaced in four different locations.

16. The Plaintiff was required to undergo surgery in her native Puerto Rico to treat her injuries. She underwent a complete left shoulder replacement with implants, plates, and screws.

17. Further, as a result of this incident the Plaintiff, AIDA RIOS, suffered, and continues to suffer, permanent and painful injuries, including but not limited to injuries to her left arm and shoulder, which require on-going medical care up to and including the present time. These injuries are permanent in nature and Plaintiff will also require future medical care as a result of this incident.

18. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I- NEGLIGENCE

The Plaintiff, AIDA RIOS, re-alleges, adopts, and incorporates by reference paragraphs one (1) through eighteen (18) as though fully alleged herein:

19. As a result of Plaintiff's status aboard the vessel as a fare paying passenger, the Defendant at all times material hereto owed the Plaintiff, AIDA RIOS, a duty to exercise reasonable care in the operation and maintenance of the vessel under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990) and *Keefe v. Bahama Cruise Lines, Inc.,* 867

F.2d 1318 (11th Cir. 1989), on remand, 715 F.Supp. 1069 (M.D. Fla. 1989).

20. On or about December 1, 2018, Defendant, and/or its agents, employees, and/or servants breached its/ their duty to provide Plaintiff with reasonable care under the circumstances in that the area where Plaintiff tripped was not well lit and there were no warning signs or other precautionary measures for said staircase where Plaintiff suffered her fall, as described above.

21. The negligence of the Defendant, MSC, its' agents, and servants which caused Plaintiff, AIDA RIOS, to become injured on December 1, 2018, consists of the following:

   a) The Defendant, who created said condition, knew or should have known, that an unreasonably dangerous condition existed in the area of the staircase due to the extremely poor lighting in the lounge which caused Plaintiff's fall; and

   b) Negligently failing to warn the passengers, and in particular the Plaintiff, of a dangerous and hazardous condition which it knew, or should have known, existed in the aforesaid trip / fall hazard as described above, again despite being on notice of the condition and it's dangerous propensities especially given the dark lighting in the dance lounge, including the failure to place warning signs, cones, or ropes in the area of the staircase or otherwise delineate it as a dangerous condition.

22. Defendant created the foregoing conditions causing Plaintiff's accident or alternatively, Defendant knew of the foregoing condition causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exerciser of reasonable care under the circumstances, should have learned of them and corrected it. *Perez v. Royal Caribbean Cruises, Ltd.,* Case No. 17-CIV-24655-JLK.

23. The condition created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

24. As a direct and proximate result of the foregoing breaches of its duty to Plaintiff, AIDA RIOS, suffered and continues to suffer injuries and damages alleged below and further requires on-going, extensive medical care.

25. As a direct and proximate result of this breach, the Plaintiff, AIDA RIOS, suffered

4

bodily injury, which caused and continues to cause her pain and suffering, mental anguish both past and present, aggravation of pre-existing conditions, emotional distress and loss of capacity for the enjoyment of life as well. Further, the Plaintiff has incurred the costs of medical care and treatment, both past and future, and will require further treatment into the future. All of these damages and injuries are permanent and continuing in nature and she will suffer them into the future.

**WHEREFORE**, Plaintiff, AIDA RIOS, demands judgment for all damages allowed by law in excess of $75,000.00, against the Defendant, together with interest, costs, and any and all other relief this Court deems appropriate and a jury trial on issues so triable by a jury as a matter of right.

Dated: this 25th day of November, 2019.

Respectfully submitted,

/s Louis A. Vucci, Esq.
Louis Vucci, Esq.,
Fla. Bar No.:131581
Louis@thevuccilawgroup.com
Louis A. Vucci, PA
Attorney for the Plaintiff
One SE Third Avenue
Suite 3020
Miami, Florida 33131
Tel. (305) 573-0125
Facsimile (786) 536-7799